UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MELISSA ANN KROLIN,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. CV 13-5073-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Melissa Ann Krolin appeals from the denial of her application for disability benefits. Because the Administrative Law Judge ("ALJ") erred, at steps two and three of the sequential evaluation process, as discussed below, the Commissioner's decision is reversed and the matter is remanded for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 2010, Plaintiff filed an application for Social Security Disability Insurance Benefits. Administrative Record ("AR") 113, 188-96. She alleged disability beginning July 1, 2008, because of severe malnutrition,

fibromyalgia, acute osteoporosis, insomnia, hypokalemia, anemia, thrombocytopenia, peptic ulcer disease, depression, and intellectual disability. AR 128, 239, 245, 269. After hearings on April 26, 2011, and July 21, 2011, an ALJ found that Plaintiff had severe impairments of "recurrent peptic ulcer disease, status post multiple gastrointestinal surgeries; status post appendectomy; history of gastric outlet obstruction; history of fibromyalgia; depression; degenerative disc disease of the lumbar spine; and chronic asthma." AR 30. The ALJ concluded that, from July 1, 2008, to July 1, 2010, Plaintiff's gastrointestinal impairments met Listings 5.06(A) and 5.08, rendering her disabled. AR 32-34. The ALJ found, however, that medical improvements had ended Plaintiff's disability on July 2, 2010, and that she had developed no additional medically determinable impairments after that date. AR 34-36, 39. The ALJ concluded that, as of July 2, 2010, Plaintiff had a residual functional capacity ("RFC") to perform light work with additional restrictions, including that Plaintiff was limited to "simple, repetitive tasks" and "short, simple work-related decision-making." AR 36. A vocational expert ("VE") opined that Plaintiff could not perform her past relevant work as a receptionist and shipping clerk. AR 38-39. The VE then identified three jobs available in significant numbers that could be performed by an individual with Plaintiff's RFC. AR 39. The ALJ therefore found that Plaintiff was not disabled as of July 2, 2010. Id.

## II.

## ISSUES PRESENTED

      The parties dispute whether the ALJ erred in determining (1) that Plaintiff's intellectual impairment was nonsevere and did not meet a listing and (2) in evaluating her credibility. See Joint Stipulation ("JS") at 2.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-721.

## IV.
## DISCUSSION

**A.  The ALJ Erred in Failing to Determine Whether Plaintiff's Intellectual Impairment Was Severe**

Plaintiff contends that the ALJ erred at step two by not including Plaintiff's intellectual disability as a severe impairment. JS at 2-3. At step two, Plaintiff has the burden to present evidence of medical signs, symptoms and laboratory findings that establish a medically determinable physical or mental impairment that is severe, and that can be expected to result in death or which

has lasted or can be expected to last for a continuous period of at least twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-1005 (9th Cir. 2005) (citing 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D)); see 20 C.F.R. § 404.1520. Substantial evidence supports an ALJ's determination that a claimant is not disabled at step two where "there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment." Id. (quoting SSR 96–4p, 1996 WL 374187, at *1–*2 (July 2, 1996)).

      Step two is "a de minimis screening device [used] to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Applying the normal standard of review to the requirements of step two, a court must determine whether an ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (citation omitted); see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." Webb, 433 F.3d at 686 (citation omitted).

      The ALJ made no findings as to why Petitioner's intellectual disability is a nonsevere impairment. The Commissioner argues that the ALJ's failure to include Plaintiff's intellectual impairment as a severe impairment is harmless because the ALJ considered Plaintiff's intellectual impairment when forming her RFC. JS at 6. Although it is true that a step-two error can be harmless where the ALJ accounts for resulting limitations later in the sequential

evaluation process, see Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007), here, the ALJ's failure to assess whether Plaintiff's intellectual impairment was severe appears to have contributed to her failure to address whether Plaintiff would meet Listing 12.05, an error which the Court finds warrants remand for further proceedings. It is therefore unclear whether the step-two error was harmless. See Robbins, 466 F.3d at 885 (noting that ALJ's error is harmless only when "inconsequential to the ultimate nondisability determination").

### B. The ALJ Did Not Adequately Assess Whether Plaintiff's Intellectual Impairment Would Meet Listing 12.05

Plaintiff further asserts that the ALJ erred at step three in finding that Plaintiff's intellectual impairment did not meet Listing 12.05. JS at 2. At step three, an ALJ considers whether an applicant has an impairment or combination of impairments so severe that it meets or medically equals an impairment included in the federal regulations' listing of disabling impairments. If so, the claimant qualifies for benefits without further inquiry. 20 C.F.R. § 404.1520(d); Sullivan v. Zebley, 493 U.S. 521, 525 (1990). The claimant bears the burden of proving that she has an impairment that meets or equals the criteria of a listed impairment. Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005) ("An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence."); Zebley, 493 U.S. at 530 (noting burden of proof rests with claimant to provide and identify medical signs and laboratory findings that support all criteria for step-three impairment determination).

Although a claimant bears the burden of proving that he has an impairment or combination of impairments that meets or equals the criteria of a listed impairment, an ALJ must still adequately discuss and evaluate the evidence before concluding that a claimant's impairments fail to meet or equal

5

a listing. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) ("[I]n determining whether a claimant equals a listing under step three . . . the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments."). Remand is appropriate where an ALJ fails adequately to consider a listing that plausibly applies to a plaintiff's case. See Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001) (noting that plaintiff must present plausible theory as to how an impairment or combination of impairments equals a listed impairment).

Plaintiff asserts that her intellectual impairment meets both Listing 12.05(B) and 12.05(C). JS at 8. Listing 12.05 defines intellectual disability as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairments before age 22." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05. A claimant can demonstrate listing-level severity for this disorder by showing (1) "[a] valid verbal, performance, or full scale IQ of 59 or less," id. § 12.05(B); or (2) "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function," id. § 12.05(C). When a claimant's verbal, performance, and full scale IQs differ, "the lowest of these [is used] in conjunction with 12.05." Id. § 12.00(D)(6)(c).

The parties do not dispute that Plaintiff's special-education coursework in high school constitutes sufficient evidence to show that her intellectual impairment existed before age 22. JS at 9, 14 n.4; see AR 77, 231-32. What the parties do dispute is how the ALJ evaluated whether Plaintiff's intellectual disability met the remaining portions of Listing 12.05(B) and 12.05(C).

In support of her argument that she meets both Listing 12.05(B) and 12.05(C), Plaintiff points to a June 9, 2010 psychological evaluation by clinical

psychologist Banafshe Ardebili. AR 280-87. Dr. Ardebili gave Plaintiff the Wechsler Adult Intelligence Scale ("WAIS-IV"), a standard IQ test. Plaintiff received scores of 58 for verbal comprehension, 67 for perceptual reasoning, 77 for working memory, 92 for processing speed, and 67 for full-scale IQ. AR 284. Dr. Ardebili reported a diagnostic impression of "Mild Mental Retardation" based on Plaintiff's full-scale IQ score. AR 286. Based on her social skills, he indicated a need to "[r]ule out Borderline Intellectual Functioning." Id.

Plaintiff notes that her lowest score, her verbal comprehension score of 58, meets Listing 12.05(B). JS at 9. Plaintiff also asserts that her full-scale IQ and perceptual reasoning scores of 67, combined with her other impairments, meet Listing 12.05(C). Id.

The Commissioner contends, however, that other statements in Dr. Ardebili's assessment reflect doubts about the validity of Plaintiff's IQ scores. JS at 13. The Commissioner further contends that even if the scores are valid, Plaintiff's graduation from high school and employment history show that she does not suffer from "significantly subaverage general intellectual functioning." Id. (citing 20 C.F.R. part 404, subpt. P, app. 1 § 12.05).

The ALJ's decision is devoid of any specific findings about the validity of Plaintiff's IQ scores or whether she meets or equals Listing 12.05. Although the ALJ discussed Listing 12.05 at the April 26, 2011 hearing and continued Plaintiff's hearing in part to enable consideration of newly-provided evidence of Plaintiff's alleged intellectual disability, see AR 80-81, the ALJ ultimately dismissed Plaintiff's Listing 12.05 arguments by saying only that "[d]espite arguments by the claimant's attorney representative, the undersigned finds insufficient objective evidence of cognitive testing which would support a more restrictive non-exertional functional capacity determination." AR 34. This is insufficient. "[T]he ALJ's failure to reference § 12.05 . . . makes it unclear whether the ALJ came to grips with the specific requirements of that section

7

when she issued her decision." Thresher v. Astrue, 283 F. App'x 473, 475 (9th Cir. 2008).

The ALJ might have properly decided that Plaintiff's IQ score was invalid or undermined by other evidence in the record. See, e.g., id. at 475 & n.6 ("We do not doubt that an ALJ can decide that an IQ score is invalid."); Muncy v. Apfel, 247 F.3d 728, 733 (8th Cir. 2001) ("An ALJ may disregard a claimant's IQ score when it is derived from a one-time examination by a non-treating psychologist, particularly if the score is inconsistent with the claimant's daily activities and behavior."); Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (holding that a valid IQ is not conclusive when the score is inconsistent with other evidence in the record and claimant's daily activities); Williams v. Sullivan, 970 F.2d 1178, 1185 (3d Cir. 1992) (finding IQ score alone insufficient where, inter alia, claimant "maintain[ed] a job for most of his adult life"). She did not, however, explicitly do so. Nor did she specify any other basis on which she deemed Dr. Ardebili's cognitive testing insufficient. See Christner v. Astrue, 498 F.3d 790, 794 (8th Cir. 2007) (remanding where it was unclear whether ALJ rejected full-scale IQ score); Peck v. Barnhart, 214 F. App'x 730, 737 (10th Cir. 2006) (remanding where ALJ made no findings regarding Listing 12.05(C)); Thomas v. Barnhart, 04-12214, 2004 WL 3366150, at*3 (11th Cir. Dec. 7, 2004) (remanding for clarification where ALJ did not reject IQ score, determine that it was inconclusive, or detail how claimant's behavior and daily activities were inconsistent with score).

The Commissioner also suggests that the ALJ's decision can be affirmed because Dr. Ardebili's limitations were incorporated into the ALJ's RFC findings. JS at 14. This argument is unpersuasive. Although the ALJ made findings as to Plaintiff's level of functioning, she did not expressly find that the IQ scores identified by Dr. Ardebili were invalid. Given that Plaintiff's verbal

and full-scale IQ scores were within the ranges in Listings 12.05(B) and 12.05(C), respectively, the ALJ's silent rejection of these scores cannot be considered harmless. Accordingly, the ALJ's decision that Plaintiff did not meet a listing at step three was not supported by substantial evidence.

The Court therefore finds that the ALJ's step-three finding constitutes legal error. This case must be remanded for further consideration of Plaintiff's IQ scores and clarification of the ALJ's step-three determination. See Thresher, 283 F. App'x 473, 475; Pinto v. Massanari, 249 F.3d 840, 848 (9th Cir. 2001). The Court need not adjudicate Plaintiff's other challenges to the ALJ's decision. The Court suggests, however, that all of Plaintiff's arguments be considered when determining the merits of her case on remand.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

Dated: April 10, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge